# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

STATE OF TENNESSEE,      )
     )
       Appellee,      )    C. C. A. NO. 02C01-9810-CC-00320
     )
vs.      )    HARDIN COUNTY
     )
PAMELA JEAN HOLLOWAY,      )    No. 7488
     )
       Appellant.      )

**FILED**

**July 7, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion to affirm the trial court judgment by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. The appellant is appealing the trial court's revocation of her probation. On February 12, 1997, the appellant pled guilty to manufacturing a controlled substance and possession of drug paraphernalia and received an effective one year sentence. The trial court ordered supervised probation after the appellant served ninety days confinement. On September 17, 1998, the appellant's supervised probation was revoked.

After a hearing, the trial court found that the appellant violated the terms and conditions of her probation by "new conviction [shoplifting]; positive drug screen [marijuana]; non-payment of costs, fines and probation fees." The appellant and her probation officer testified at the hearing.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. § 40-35-311(e). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a de novo standard. State v. Harkins, 811 S.W.2d 79 (Tenn. 1991). Discretion is abused only if the record contains

no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred.  Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).  Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily.  Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

On appeal, the appellant contends only that the trial court abused its discretion in revoking her probation.  She argues that "the revocation of her probation will not subserve the ends of justice in the best interest of both the public and the defendant" and that "she still shows a potential for rehabilitation and was receiving therapy to help her recover."  Having reviewed the record in light of the appellant's argument, we find that the evidence fully supports the trial court's action.  The appellant has simply failed to show how the trial court abused its discretion.

Accordingly, the state's motion is granted.  It is hereby ORDERED that the judgement of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.  Costs of this appeal shall be assessed to the state.

_____
JOE G. RILEY, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE

2